UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRETT MICHAELS CHILTON, | ) |
| Movant, | ) ) ) |
| v. | ) Case No. 1:25-cv-00178-SNLJ |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Self-represented Movant Brett Michaels Chilton commenced this action by filing a handwritten document titled "Motion to Vacate, Set Aside, or Correct Sentence," seeking relief under 28 U.S.C. § 2255. [Doc. 1]. However, the document was defective as a § 2255 motion because it was not drafted on a Court-provided form. As such, on December 5, 2025, the Court directed the Clerk to send Movant the Court form for §2255 motions and directed Movant to file an amended motion on the Court form within thirty (30) days. [Doc. 2]. The Court warned Movant that his failure to timely comply with the Court's Order would result in the dismissal of his case, without prejudice and without further notice. [*Id.*] Movant's response was due by January 5, 2026.

To date, Movant has neither responded to the Court's order, nor sought additional time to do so.[1] Movant was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply.

---

[1] The Court acknowledges that Movant Chilton sent in a letter and two motions, received by the Court on January 15, 2026. [*See* Doc. 3]. Because these documents did not comply with the Local Rules, they were rejected for filing and returned to Movant. [*Id.*] Regardless, none of these documents were on a Court-provided form and therefore were not in compliance with the Court's January 5, 2025, Order. Furthermore, as the documents were dated November 5, 2025, they could not have been seeking an extension of time for a deadline established in the Court's January 5, 2025, Order. As such, Movant has not filed anything in response to the Court's January 5, 2025, Order.

The Court will therefore dismiss this action, without prejudice, due to Movant's failure to comply with the Court's January 5, 2025, Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of January, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE